# Aftewicz et ux., Appellants, *v.* Opalkowski.

*Ejectment—Equitable defense—Consentable line—Parol agreement—Evidence—Sufficiency.*

In an action of ejectment the case was for the jury and a verdict for the defendant will be sustained, where the evidence established that, while there were admitted encroachments on the property of the plaintiffs, the dispute between the parties had been adjusted by the defendants giving a barn to the plaintiffs, which the latter had accepted and moved to their property.

Argued March 5, 1923.    Appeal, No. 11, March T., 1923, by plaintiffs, from judgment of C. P. Luzerne Co., Oct. T., 1920, No. 1104, on verdict for defendants in the case of Alexander Aftewicz and Antonina Aftewicz v. Anna Opalkowski, Antony Opalkowski, her husband, and Anna Opalkowski, guardian ad litem of Sophia, Henry, Annie, Susie, Anthony, Teresa and John Kucharski. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Ejectment for property in the village of Askam, Luzerne County.    Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendants and judgment thereon. Plaintiff appealed.

*Error assigned* was refusal of plaintiff's motion for judgment n. o. v.

*M. J. Mulhall,* and with him *P. W. McKeown,* for appellant.

*M. F. McDonald,* for appellees.

OPINION BY LINN, J., April 16, 1923 :

Plaintiffs appealed from judgment in ejectment. They complain of the refusal of judgment for themselves n. o. v. The defense was equitable. Was it sustained by the evidence?

Prior to 1915 Kucharski bought land, plotted it, recorded the plan and sold all the lots but numbers 22 and 23. On 22 he built a home and occupied it with his family; on 23 he built a twin house. Before his death in 1915, he sold 23 to the plaintiffs, describing it by metes and bounds and by reference to the recorded plot. At that time his house on 22 was so constructed that for the length of the house it occupied a three-foot strip of lot 23. For that strip this action was brought in 1920, more than five years after the death of Kucharski, against his widow (now Opalkowski) and heirs. The jury could have found that plaintiffs observed the encroachment before buying, as the evidence indicates their attention was called to it before taking title. Defendants' evidence also was to the effect that Kucharski had constructed two barns on lot 22 and that plaintiffs and defendants, to settle the boundary dispute, agreed that the line dividing their lots should be revised to conform to the occupation by defendants' dwelling of part of lot 23, in consideration that defendants transferred to plaintiffs one of the two barns on lot 22, and that the plaintiffs had accordingly moved one of these barns to their lot and were using it, defendants remaining in possession of the so-called encroachment. Plaintiffs admitted they got one of the barns but claimed it as a gift. The jury was instructed to find from the evidence whether the parties had made the agreement and carried it out in revision of the disputed line between their respective lots, and no complaint is made of the manner in which the matter was submitted to the jury. The evidence was ample to sustain the defense according to familiar rules : Hess v. Calender, 120 Pa. 138, 151 ; we agree with the conclusion of the court.

Judgment affirmed.